No. 47,836

NORMAN D. KENNEDY and DONNA KENNEDY, *Appellees*, v. MEYERCO, INC., *Appellant.*

(543 P. 2d 937)

Opinion filed December 13, 1975.

*Harrison Smith,* of Garden City, argued the cause and was on the brief for the appellant.

*Don Shultz,* of Dodge City, argued the cause and was on the brief for the appellee.

*Per Curiam:* This appeal is from an order of the district court refusing to set aside a default judgment against the defendant for $9,728.69 damages to plaintiffs' residence from fire caused by a limb of a tree, which defendant's employees were trimming, falling against an electric power line.

Defendant is an Arkansas corporation doing business in Kansas. The company had a registered agent in Kansas, but no business office or officer in the state. Service of process was obtained by serving the summons at his residence on one Leonard Owen, who was the foreman in charge of the defendant's work. Mr. Owen neglected to forward the summons and the petition to his employer, and two days after the summons was served on him left his employment. Default judgment was rendered May 3, 1974. Defendant first learned of the judgment in July as the result of execution and garnishment on defendant's insurance company. Defendant took prompt and proper steps to have the judgment set aside.

Two questions are presented for review: (1) Was the service of summons on Leonard Owen sufficient under K. S. A. 60-304(*e*), [now 1974 Supp.], and, if so, (2) was there excusable neglect in failing to answer?

We do not deem it necessary to pass on the first question. Defendant had no officer, partner as a resident or general agent, in Kansas or any "business office" where a summons could be left "with the person in charge." It did have a *registered* process agent in Kansas, but no attempt was made to make service on that agent. The question is whether the foreman, Leonard Owen, was by virtue

of his employment the "managing agent" of defendant or "authorized by appointment" to receive service.

Even though the service might be deemed technically good, we believe that under all the circumstances it has been shown that there was surprise and excusable neglect on the part of the defendant in failing to answer, and that the trial court abused its discretion in not vacating the judgment. The case is very much like that of *Montez v. Tonkawa Village Apartments*, 215 Kan. 59, 523 P. 2d 351, where we reversed the trial court under comparable circumstances. The present case meets all of the conditions of *Montez*. The employee was a foreman in charge of manual or mechanical operations and apparently not one charged with general business management. His tenure at the time of service was apparently tenuous for he terminated his employment two days later. He was under a legal and moral duty to send the papers to his employer, but did not do it. Defendant's neglect was excusable and it is entitled to its day in court to defend against the plaintiffs' claim.

The judgment is reversed, the default judgment against defendant set aside, and the cause remanded for further proceedings.